**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CORE FUNDING GROUP, L.P.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 07-4273** |
| **MICHAEL H. MCINTIRE, ET AL.** | * | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court is the motion for summary judgment (Rec. Doc. No. 21) filed by Defendants Henry T. Dart and Henry Dart, Attorneys at Law (collectively "Dart") and Plaintiff's cross-motion for summary judgment (Rec. Doc. No. 33). Plaintiff and Dart both filed oppositions and replies (Rec. Doc. Nos. 47, 54, 48, and 59). After review of the motions, responses, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that both motions for summary judgment (Rec. Doc. Nos. 21 and 33) are **DENIED**.

*BACKGROUND*

This case involves a contract dispute between Plaintiff and Defendants. Plaintiff alleges that, on or about January 5, 2004, it loaned $200,000 to Defendants Michael McIntire and his law firm McIntire & McIntire, LLC (collectively "McIntire"). McIntire signed a promissory note for the amount borrowed on the line designated for borrowers; Dart also signed the promissory note on the line designated for guarantors. Plaintiff filed its complaint in this Court on August 22, 2007, alleging that Defendants failed

1

to repay the loan in accordance with the signed agreement. However, at this Court's docket call on March 18, 2009, Plaintiff failed to show good cause why McIntire was not properly served, and the Court dismissed McIntire from the suit without prejudice as a result (*see* Rec. Doc. No. 10).

Several months later, Dart filed its motion for summary judgment (Rec. Doc. No. 21) on September 14, 2009. Soon thereafter, on October 2, 2009, Plaintiff filed an amended complaint against McIntire, which reinstated McIntire as co-defendant in this action. Plaintiff then filed its motion for summary judgment against Dart (Rec. Doc. No. 33).

The parties concede that Ohio substantive law applies to this contract.

Dart contends that, under Ohio's statute of frauds, there must be a written agreement that unequivocally creates the alleged guaranty of the agreement between Plaintiff and McIntire. Dart argues that there is no such language in the loan contract at issue here and that it should therefore not be held liable as guarantor.

Plaintiff contends that, because Dart's signature on the promissory note is accompanied by the word "guarantor," Ohio's statute of frauds does not prevent enforcement of Dart's obligation. Ohio law specifically states, "A person signing an instrument is presumed to be an accommodation party . . . if the signature . . . is accompanied by words indicating that the signer

is acting as surety or guarantor with respect to the obligation of another party to the instrument." Ohio R.C. 1303.59(C). "The obligation of an accommodation party may be enforced notwithstanding any statute of frauds . . . ." Ohio R.C. 1303.59(B). As such, Plaintiff maintains that Dart is bound by the contract it signed.

*DISCUSSION*

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Celotex Corp.*, 477

3

U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993). Lawsuits to enforce promissory notes are appropriate for summary judgment disposition. *See Capital One Nat'l Ass'n v. White*, No. 06-5452, 2009 WL 331463, at *4 (E.D. La. Feb. 9, 2009).

**B. Dart's Motion for Summary Judgment**

Because Dart's signature on the promissory note is accompanied by the word "guarantor," Ohio's statute of frauds does not prevent enforcement of Dart's obligation. Ohio law specifically states, "A person signing an instrument is presumed to be an accommodation party . . . if the signature . . . is accompanied by words indicating that the signer is acting as surety or guarantor with respect to the obligation of another party to the instrument." Ohio R.C. 1303.59(C). "The obligation of an accommodation party may be enforced notwithstanding any statute of frauds . . . ." Ohio R.C. 1303.59(B). As such, Dart is bound by the contract it signed as an accommodation party, and its motion for summary judgment must be denied.

**C. Plaintiff's Motion for Summary Judgment**

Dart's liability is limited to its status as a guarantor for the funds loaned by Plaintiff to McIntire. Because McIntire is once again a party to these proceedings, this case is not ripe for summary judgment disposition against Dart; Plaintiff still has the

4

opportunity to obtain damages from McIntire, the primary signatory on the loan. As such, Plaintiff's motion for summary judgment as to Dart must be denied as premature. Accordingly,

**IT IS ORDERED** that the cross-motions for summary judgment (Rec. Doc. Nos. 21 and 33) are hereby **DENIED**.

New Orleans, Louisiana, this 4th day of January, 2010.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

5