## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CORE FUNDING GROUP, L.P.          *     CIVIL ACTION
                                  *
VERSUS                            *     NO. 07-4273
                                  *
MICHAEL H. MCINTIRE, ET AL.       *     SECTION "B"(5)

### ORDER AND REASONS

Before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 57) filed by Defendants Michael H. McIntire and McIntire & McIntire LLC (collectively "McIntire"). Plaintiffs filed an opposition (Rec. Doc. No. 63). After review of the motions, responses, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that plaintiff file an appropriate amendment in this Court within 14 days after this order, or the case will be dismissed, without prejudice.

### BACKGROUND

This case is an action to collect money allegedly lent and now due by the plaintiff, Core Funding Group, L.P. ("Core") against McIntire as primary obligor and against defendants Henry T. Dart and Henry Dart, Attorneys at Law, a Professional Corporation (collectively "Dart") as guarantor. Plaintiff filed its complaint in this Court on August 22, 2007, alleging that defendants failed to repay the loan in accordance with the signed agreement. However, at this Court's docket call on March 18, 2009, plaintiff

1

failed to show good cause why McIntire was not properly served, and the Court dismissed McIntire from the suit without prejudice as a result (*see* Rec. Doc. No. 10). On September 30, 2009, the Court granted Core leave to file its first supplemental and amended complaint (Rec. Doc. No. 30). The first supplemental and amended complaint brought McIntire back into the lawsuit (Rec. Doc. No. 31). McIntire was served with the original complaint and the first supplemental and amended complaint on October 16, 2009 (Rec. Doc. Nos. 41, 42). McIntire obtained an extension of time to respond (Rec. Doc. No. 44). McIntire now responds to Core's complaint and first supplemental and amended amend complaint with its Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Core claims that this Court has diversity jurisdiction over this action. The amount in controversy requirement for diversity jurisdiction is not disputed. However, when Core alleged the citizenship of the parties, Core alleged in its original complaint that it "is a Texas Limited Partnership" with its principal office in the County of Harris, Sate of Texas," and that "the claim is against citizens of different states with plaintiff being a citizen of the State of Texas and all defendants being citizens of the State of Louisiana. (Rec. Doc. 1). Core's first supplemental and amended complaint simply re-alleged and re-iterated all the allegations in its original complaint, and did not expand on Core's minimal allegations of its citizenship (Rec. Doc. No. 31).

Defendants argue that Core's allegations, as a limited partnership, of its citizenship for diversity purposes are insufficient.

## DISCUSSION

Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar-Medina Atascosa Counties Water Improvement District*, 665 F.2d 594, 595 (5th Cir. 1981). Federal courts have jurisdiction over suits between citizens of different states if the amount in controversy is over $75,000. 28 U.S.C. Sec. 1332. Core is a Texas Limited Partnership and for purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where it's general and limited partners reside. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008)(internal citations omitted). If "the partners are themselves partnerships, LLCs, Corporations, or other form of entity, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be traced through however many layers of members or partners there may be." *Muslow Land & Timber, Inc v. Chesapeake Exploration Ltd. Partnership,* 2009 WL 367729 (W.D. La. Feb. 11, 2009).

The Fifth Circuit has also expounded upon this by stating that:

> General allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient. It has been the experience of this court that entities have often alleged that all members or partners are of diverse citizenship but, when the entity is required to name each partner and allege his citizenship with particularity, the result is sometimes a lack of diversity. Such situations must be determined early before there is a waste of resources pursuing the case in a federal court that lacks jurisdiction.

*Mullins v. Testamerica, Inc.,* 300 Fed. Appx. 259, 2008 WL 4888576 (5th Cir. 2008).

Considering the foregoing precept, Core must allege the citizenship of each of its partners. Additionally, if Core's partners are themselves partnerships, LLCs, corporations, or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. *Id.* Thus for jurisdiction to be founded upon diversity of citizenship, it must affirmatively appear from the complaint that the plaintiff is a citizen of one state and the defendant a citizen of another. It is provided, however, by 28 U.S.C.A. Sec. 1653 that: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." If jurisdiction actually existed from the facts at the time when the complaint was filed, even though not properly pleaded, the formal defect in the pleadings does not deprive the Court of jurisdiction at the time when the action was filed, if such defect is later corrected. *Finn v. American Fire & Casualty Co.,* 207 F.2d 113, 115 (5th Cir. ).

4

Rule 15(a) of the Federal Rules of Civil Procedure also provides that leave to amend "shall be freely given when justice so requires." *See Cobb v., Delta Exports, Inc.,* 186 F.3d 675 (5th Cir. 1999). Accordingly,

**IT IS ORDERED** that plaintiff file an appropriate amendment in this Court within 14 days after entry of this order, or the case will be dismissed, without prejudice.

New Orleans, Louisiana this 10th day of March, 2010.

_____
United States District Judge