UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| CORE FUNDING GROUP, L.P. | CIVIL ACTION |
|---|---|
| VERSUS | No. 07-4273 |
| MICHAEL H. MCINTIRE, MCINTIRE AND MCINTIRE, LLC, HENRY T. DART, AND HENRY DART, ATTORNEYS AT LAW, A PROFESSIONAL CORPORATION | SECTION "B" |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration of this Court's ruling, (Rec. Doc. 21), denying Plaintiff's and Defendant's motions for summary judgment (Rec. Doc. 5).

For the following reasons, IT IS **ORDERED** that the instant motion is **DENIED**.

**BACKGROUND:**

This case involves a contract dispute between Plaintiff and Defendants. Plaintiff alleges that, on or about January 5, 2004, it loaned $200,000 to Defendants Michael McIntire and his law firm McIntire & McIntire, LLC (collectively "McIntire"). McIntire signed a promissory note for the amount borrowed on the line designated for borrowers; Dart also signed the promissory note on the line designated for guarantors. Plaintiff filed its complaint in this Court on August 22, 2007, alleging that

Defendants failed to repay the loan in accordance with the signed agreement. However, at this Court's docket call on March 18, 2009, Plaintiff failed to show good cause why McIntire was not properly served, and the Court dismissed McIntire from the suit without prejudice as a result (*see* Rec. Doc. No. 10).

Several months later, Dart filed its motion for summary judgment (Rec. Doc. No. 21) on September 14, 2009. Soon thereafter, on October 2, 2009, Plaintiff filed an amended complaint against McIntire, which reinstated McIntire as codefendant in this action. Plaintiff then filed its motion for summary judgment against Dart (Rec. Doc. No. 33).

The parties concede that Ohio substantive law applies to this contract. Dart contends that, under Ohio's statute of frauds, there must be a written agreement that unequivocally creates the alleged guaranty of the agreement between Plaintiff and McIntire. Dart argues that there is no such language in the loan contract at issue here and that it should therefore not be held liable as guarantor.

Plaintiff contends that, because Dart's signature on the promissory note is accompanied by the word "guarantor," Ohio's statute of frauds does not prevent enforcement of Dart's obligation. Ohio law specifically states, "A person signing an instrument is presumed to be an accommodation party . . . if the signature . . . is accompanied by words indicating that the

signer is acting as surety or guarantor with respect to the obligation of another party to the instrument." Ohio R.C. 1303.59(C). "The obligation of an accommodation party may be enforced notwithstanding any statute of frauds . . . ." Ohio R.C. 1303.59(B). As such, Plaintiff maintains that Dart is bound by the contract it signed.

On January 4, 2010, this Court denied the cross motions for summary judgment submitted by Plaintiff and the Dart Defendants.

**LAW AND ANALYSIS:**

  **I.  Standard of Review for Fed. R. Civ. P. 59(e)**

A motion for "reconsideration" does not exist in the Federal Rules of Civil Procedure, but if a party's request for reconsideration is filed within ten days of the court's judgment, it is construed under Fed. R. Civ. P. 59(e) as a motion to alter or amend a judgment. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The instant motion is analyzed under Fed. R. Civ. P. 59(e) because it was filed on January 15, 2010, 10 days after the court's order on January 4, 2010. *Id.* at 962. Further, a "Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Volvo Truck North America, Inc. v. Crescent Ford Truck Sales, Inc.*, 2009 WL 2496556 (E.D. La. 8/13/09).

Relief is available under Fed. R. Civ. P. 59(e) if (1) the judgment is based upon a clear error of law or fact, (2) there exists newly discovered or previously unavailable evidence, (3) manifest injustice will result, or (4) there has been an intervening change in controlling law. *Sarre v. New Orleans City*, 2009 WL 4891938 (E.SD. La. 12/10/09); *Volvo, supra* at 3.

## II. Reconsideration

Plaintiff failed to demonstrate relief under Fed. R. Civ. P. 59(e). Plaintiff did not prove that this Court's judgment was based upon a clear error of law or fact, nor did Plaintiff provide any newly discovered or previously unavailable evidence. Further, Plaintiff failed to show that manifest injustice would result if the judgment stood as is and did not demonstrate that there had been an intervening change in controlling law.

Plaintiff argues that the court mistakenly based its legal reasoning on an incorrect interpretation of Ohio R.C. 1303.59(D) as to whether Plaintiff is required to pursue or obtain judgment against McIntire first before it can pursue or obtain judgment against Dart. (Rec. Doc. 65). However, this Court did not pronounce in its order that Plaintiff is required to pursue judgment against McIntire first before it can pursue or obtain judgment against Dart. The Court only stated that the Plaintiff had the "opportunity" at this time to obtain damages from

McIntire since it was the primary signatory and a party to the suit once again. (Rec. Doc. 64).

The Court explained that Dart's liability is limited to its status as a guarantor for the funds loaned by Plaintiff to McIntire. (Rec. Doc. 64). The Court found because of the aforementioned reason this case was not ripe for a summary judgment disposition against Dart, and therefore Plaintiff had the opportunity to obtain damages from McIntire.

Additionally, Plaintiff set forth issues that should have been initially brought in its motion for summary judgment; this Court will not relitigate prior matters that should have been urged earlier. *See Volvo, supra* at 3.

Accordingly, IT IS **ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, this  24th  day of  March , 2010.

*[signature]*

**UNITED STATES DISTRICT JUDGE**