UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**CORE FUNDING GROUP, LP**                          **CIVIL ACTION**

**VERSUS**                                          **NO: 07-4273**

**MICHAEL H. McINTIRE, McINTIRE**                   **SECTION: B(5)**
**AND McINTIRE, LLC, HENRY T. DART**
**AND HENRY DART, ATTORNEYS AT**
**LAW, A PROFESSIONAL CORPORATION**

                          ORDER AND REASONS

    Before the Court is the McIntire Defendants' Motion for Summary Judgment (Rec. Doc. No. 99) and the Dart Defendants' Motion for Summary Judgment (Rec. Doc. No. 100), which Plaintiff opposes.

    For the following reasons, the McIntire Defendants' Motion for Summary Judgment (Rec. Doc. No. 99) is hereby **GRANTED.** The Dart Defendants' Motion for Summary Judgment (Rec. Doc. No. 100) is hereby **DENIED.**

    This matter arises out of a loan issued to Defendants by Plaintiff on January 5, 2004, on which Defendants allegedly defaulted on January 5, 2007. Rec. Doc. No. 101, at 1. On August 22, 2007, Plaintiff filed its original complaint against Defendants. *Id.* at 2. However, at this Court's docket call on March 18, 2009, Plaintiff failed to show good cause why the McIntire Defendants were not properly served, and as a result, the Court dismissed the McIntire Defendants from the suit without prejudice. *See* Rec. Doc. No. 10. On September 30, 2009, the Court

                                1

granted Plaintiff leave to file its first supplemental and amended complaint.  *See* Rec. Doc. No. 30.  Plaintiff filed its first supplemental and amended complaint on October 2, 2009, which brought the McIntire Defendants back into the lawsuit.  *See* Rec. Doc. No. 31.  The McIntire Defendants were served with the amended complaint on October 16, 2009.  *See* Rec. Doc. Nos. 41, 42.  The Dart Defendants have remained in the lawsuit since its inception.

Defendants assert in the instant Motions for Summary Judgment that Plaintiff lacks standing or the capacity to proceed with its lawsuit because it does not exist.  Rec. Doc. No. 99-2, at 2. Specifically, Plaintiff alleges itself to be a Texas limited partnership; however, Plaintiff's Texas charter was forfeited by the Texas Secretary of State on August 28, 2009, because of its failure to pay Texas franchise taxes.  Rec. Doc. No. 101, at 2. Moreover, Plaintiff's constituent partners ceased to exist even before Plaintiff's charter was forfeited.  Rec. Doc. No. 99-2, at 2.  Plaintiff's alleged general partner, Vineyard Capital Management, LLC,[1] had its charter revoked under Delaware law in June 2008.  *Id.* at 3.  Plaintiff's limited partner, Integrated Holdings, Ltd., had its charter revoked by the State of Nevada on

---

[1] Plaintiff alleges that its general partner is Vineyard Capital **Management,** LLC.  However, the Texas Secretary of State lists Plaintiff's general partner as Vineyard Capital, LLC, a distinct entity.  Nevertheless, the latter's charter was also revoked under Delaware law on August 25, 2007. *See* Rec. Doc. No. 99-1, at 3; Rec. Doc. No. 99-2, at 2-3; Rec. Doc. No. 99-3, at 3-4, 10.

February 1, 2007. *Id.* Defendants assert that under Texas law,[2] an entity that loses its charter by action of the Secretary of State loses the standing and capacity to sue. *Id.* at 3-4. *See Dunagan v. Bushey*, 263 S.W.2d 148, 152 (Tex. 1953); *El T. Mexican Restaurants, Inc. v. Bacon*, 921 S.W.2d 247, 249-50 (Tex. App. 1995); *M & M Constr. Co. v. Great American Ins. Co.*, 747 S.W.2d 552, 555 (Tex. App. 1988); *Mobile Homes of America, Inc. v. Easy Living, Inc.*, 527 S.W.2d 847 (Tex. Civ. App. 1975).

Plaintiff does not dispute that it has lost its right to sue upon forfeiture of its partnership charter. Rec. Doc. No. 101, at 2. Instead, Plaintiff argues that it is entitled to have its charter and privileges reinstated upon paying the delinquent taxes, which operates retroactively to the date of revocation as though the forfeiture never existed. *Id.* at 3; *see Hinkle v. Adams*, 74 S.W.3d 189, 193-94 (Tex. App. 2002), *Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 600 (Tex. App. 1994). Moreover, once reinstated, the right to sue or defend all causes of action is additionally reinstated, "regardless of whether such causes of action arose before or during the period of forfeiture." *Id.* (citing *G. Richard Goins Constr. Co. v. S.B. McLaughlin Assoc.,*

---

[2] Fed. R. Civ. P. 17(b)(3) provides that for a partnership, capacity to sue or be sued is determined by the law of the state where the district court is located. In this matter, Louisiana's conflicts-of-laws provisions require the application of Texas law rather than Louisiana law to the question of Plaintiff's capacity. *See In re Stone Energy Corp. Securities Litigation*, 2009 WL 528415, at *5 (W.D.La. 2009); *Cambre v. St. Paul Fire & Marine Ins. Co.*, 331 So.2d 585, 591 (La. Ct. App. 1976); La. Civ. Code art. 3542.

*Inc.*, 930 S.W.2d 124, 128 (Tex. App. 1996)). Plaintiff asserts that it is in the process of submitting all information and paying all fees necessary for it and its partners to obtain reinstatement in their respective states. Rec. Doc. No. 108, at 1-2, *see* Statement of Thomas Emmick, Exhibit A. Indeed, Plaintiff has recently provided evidence that its general partner has been reinstated and is in good standing in Delaware, and its limited partner has also been reinstated and is in good standing in Nevada. Rec. Doc. No. 115, *see* Exhibit 1; Rec. Doc. No. 116, *see* Exhibit 1. Plaintiff submits that it intends to send this information, as well as any other required information and fees, to the Texas Secretary of State in order to obtain reinstatement. Rec. Doc. No. 116, at 1. Accordingly, Plaintiff requests that Defendants' motions be denied or alternatively seeks additional time within which to complete its reinstatement efforts. *Id*.

At the time Plaintiff's amended complaint was filed, when the dismissed McIntire Defendants were brought back into the present suit, Plaintiff's charter had been forfeited. Plaintiff therefore ceased to legally exist. To date, Plaintiff has not yet obtained reinstatement in Texas. Accordingly, the McIntire Defendants Motion for Summary Judgment (Rec. Doc. No. 99) is **GRANTED,** and Plaintiff's claims against the McIntire Defendants are hereby **DISMISSED,** without prejudice to reurge should Plaintiff successfully complete its reinstatement efforts **within 30 days.**

The Dart Defendants, however, have remained parties in this litigation since its inception, when Plaintiff was in fact in existence. The Dart Defendants' Motion for Summary Judgment (Rec. Doc. No. 100) is therefore **DENIED,** without prejudice to reurge should Plaintiff fail to obtain reinstatement **within 30 days.**

New Orleans, Louisiana, this 18th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE