```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**CORE FUNDING GROUP, LP**                               **CIVIL ACTION**

**VERSUS**                                               **NO: 07-4273**

**MICHAEL H. McINTIRE, McINTIRE**                        **SECTION: B(5)**
**AND McINTIRE, LLC, HENRY T. DART**
**AND HENRY DART, ATTORNEYS AT**
**LAW, A PROFESSIONAL CORPORATION**

## ORDER AND REASONS

Before the Court are Plaintiff's Jury Trial Demand (Rec. Doc. No. 182) and Plaintiff's Motion for Trial by Jury (Rec. Doc. No. 181), both of which are opposed by Defendants (Rec. Doc. Nos. 184, 185). For the following reasons,

**IT IS ORDERED** that Plaintiff's Jury Trial Demand is untimely, and Plaintiff's Motion for Trial by Jury is **DENIED.**

Plaintiff submits its demand for jury trial pursuant to Fed. R. Civ. P. 38 on all issues triable by jury. Rec. Doc. No. 182, at 1. Pursuant to Fed. R. Civ. P. 38(b), a party may demand a jury trial on any issue triable of right by a jury by serving the other parties with a written demand no later than 14 days after the last pleading directed to the issue is served. Under Fed. R. Civ. P. 38(d), a party's failure to timely request a trial by jury constitutes a waiver of that party to a trial by jury. Plaintiff claims that Defendants' amended Answers (Rec. Doc. Nos. 171, 172), filed April 29, 2011, assert for the first time the defenses of

1

"accord and satisfaction and/or payment and/or release" and "assumption of the risk," and thus, Plaintiff's demand for jury trial on those issues is timely. Rec. Doc. No. 182, at 1.

In connection with its jury demand, Plaintiff has additionally filed a Motion for Trial by Jury in accordance with Fed. R. Civ. P. 39(b), which provides the Court discretion to order a jury trial on all issues triable by jury, including those for which Plaintiff previously waived its right to trial by jury by failing to timely file a demand for a jury trial. Rec. Doc. No. 181-1, at 1. Plaintiff urges that since its jury demand regarding the issues raised in Defendants' amended Answers is timely, "[i]f there is going to be a jury trial on some of the issues, we might as well have jury trial on all of the issues." *Id.*

## A. Plaintiff's Jury Trial Demand

Defendants oppose Plaintiff's Jury Trial Demand on the newly asserted defenses raised in Defendants' amended Answers, claiming that the defenses do not raise new factual issues in this case, but rather present additional legal theories, and therefore the jury demand is untimely. Rec. Doc. No. 184, at 2-3. In *Guajardo v. Estelle*, 580 F.2d 748, 753 (5th Cir. 1978), abrogated on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401, 423-24 (1989), the United States Fifth Circuit Court of Appeals stated:

> Amendments not introducing new issues will not give rise to a demand for a jury trial. The term 'new issues' has been interpreted to mean new issues of fact and not new theories of recovery.

2

(internal citations omitted).  Indeed, "an amendment which neither changes the nature of the case nor introduces new issues does not revive the right to demand a jury trial."  *Nicolls Pointing Coulson, Ltd. v. Transportation Underwriters of Louisiana*, 1991 WL 126368, *2, n.1 (E.D.La. 1991) (citing *Guajardo, supra*, 580 F.2d at 753; *Swofford v. B. & W., Inc.*, 34 F.R.D. 15 (S.D.Tex. 1963)).  In *Gallardo v. Gulf South Pipeline Co., L.P.*, 2005 WL 1309156, *2 (E.D.La 2005) (Engelhardt, J.), this Court cited the following definition of "new issues" from the United States First Court of Appeals in *In re N-500L Cases*, 691 F.2d 14, 23 (1st Cir. 1982):

> One issue is the same as another when it is based on the same conduct or concerns the same general area of dispute.  If the factual allegations underlying the two claims are the same or if the issues turn on the same matrix of facts the issues are the same.  It is both the similarity of facts and the similarity of the  matrix - the legal framework in which the facts are analyzed - that makes issues the same.  On the other hand, slight modifications in facts or in legal theories presented will not usually render issues different.

(internal citations and quotations omitted).

Defendants assert that the defenses are based upon "[t]he existence of a copy of a document entitled 'Absolute, Unconditional, and Irrevocable Transfer Sale and Assignment'; and [t]he document appearing to sell to Core, an interest in the McIntire Defendants' fee interest in a certain case in exchange for certain funds transferred to the McIntire Defendants."  Rec. Doc. No. 184, at 2.  Plaintiff has previously asserted in its Motion for Summary Judgment that the document at issue was included as part of

3

the loan documents on which Plaintiff's main demand is based. Rec. Doc. No. 160-3, at 4. Additionally, this document was discussed in the depositions of the McIntire Defendants, the Dart Defendants, and Plaintiff's president. Rec. Doc. No. 184, at 2; Rec. Doc. No. 173, at 15-17.

Accordingly, the Court finds that the defenses asserted in Defendants' amended Answers do not raise any new factual allegations that change the underlying nature of the case. Defendants instead offer new legal theories based on facts previously provided that fall within the same general area of the dispute. As Defendants' amended Answers do not introduce new issues into the lawsuit sufficient to merit a jury trial, Plaintiff's jury trial demand is therefore untimely.

## B. Plaintiff's Motion for Jury Trial

Fed. Rule Civ. P. 39(b) grants the district court discretion to relieve a party from waiver of a jury trial under Rule 38. *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). In considering a motion for jury trial under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. *Id.* Indeed, a motion brought pursuant to this rule should be "favorably received unless there are persuasive reasons to deny it." *Id.* (citing *United States v. Unum*, 658 F.2d 300, 303 (5th Cir. 1981).

The Fifth Circuit has utilized the following five factors in

Case 2:07-cv-04273-ILRL-ALC   Document 191   Filed 05/12/11   Page 5 of 6

considering whether to exercise its discretion under Rule 39(b):

>    (1) whether the case involves issues which are best tried to a jury;
>
>    (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>
>    (3) the degree of prejudice to the adverse party;
>
>    (4) the length of the delay in having requested a jury trial; and
>
>    (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp., supra*, 916 F.2d at 1064 (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983).

While the first factor weighs in favor of a jury trial, as the action is based on breach of contract issues which are well suited for resolution by a jury, in considering the remaining factors, we find that Plaintiff's motion should be denied.  Trial in this matter is set to begin in less than two weeks.  In light of our finding that Plaintiff is not entitled as of right to a jury trial on the defenses asserted in Defendants' amended Answers, ordering a jury trial on all issues on the eve of trial would certainly disrupt the Court's schedule and delay the resolution of the matter.  This case has been pending for over three years.  The Court has previously denied the parties' request to continue trial and is not inclined to delay resolution of the matter any further, particularly on the basis of Plaintiff's last minute request for a jury trial.  Further, altering the nature of the trial from the

bench trial to a jury trial on the eve of trial will result in significant prejudice to the opposing parties in terms of trial preparation and litigation costs.  Finally, Plaintiff explicitly provides that the reason for the delay in requesting a jury trial was inadvertence.  Accordingly, we find that the factors to be considered weigh against ordering a jury trial; therefore, Plaintiff's motion is **DENIED.**

New Orleans, Louisiana, this 11th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE